UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:20-CV-22-EBA

CANDI SITES, PLAINTIFF,

V. OPINION AND ORDER

STAT EMS, LLC, *et al.*, DEFENDANTS.

*** *** *** ***

Plaintiff Candi Sites ("Sites") initiated this lawsuit against Defendants STAT EMS, LLC, Ronald L. Mauger, and Nationwide Property and Casualty Insurance Company (collectively "defendants") after a motor vehicle accident occurred on November 7, 2019. On February 10, 2020, this action was removed to federal court. Now, as a result of the discovery that has ensued since the initial filing of this lawsuit, Sites moves for leave to amend her complaint to include additional claims of: direct negligence against Defendant, STAT EMS, LLC; gross negligence against Defendants, STAT EMS, LLC and Ronald L. Mauger; *res ipsa loquitur*, and punitive damages. [R. 29-1 at 1]. Additionally, Sites asserts that her original claim of *negligence per se* is amended to reflect "relevant Kentucky motor vehicle statutes violated by … Defendants [STAT EMS, LLC and Ronald L. Mauger]". *Id*.

The applicable rule in this case, states that: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The defendants oppose amendment, regardless of Sites's alleged diligence (*see also* R. 22, ¶ A(2)), arguing that no novel discovery has occurred which supports the addition of these new claims. [R. 31]. They further argue

that the motion fails to articulate what, if any, discovery lends support for the bases of these additional claims. [*Id.*]. Sites counters on three grounds.

First, Sites explains that she acquired the factual information to support the nature of her amendment only after the defendants' service of their March 26, 2020 discovery responses. [*See* R. 33 at 2-5; *see also* R, 33-1, 33-2]. However, before this, Sites alleges not to have possessed the requisite knowledge, or need, to amend her Complaint. Plainly, she was not aware of the extent of the defendants' actions to support the bases for these claims, and to wait to do otherwise "would have been a violation of Rule 11(b)(3)." [*Id*. at 4]. The next two asserted reasons revolve around Sixth Circuit precedent and the defendants' inability to show prejudice. [*Id*. at 5-7]. Contrary to the defendants' arguments, Sites maintains that Rule 15's interpretation in the Sixth Circuit, *does* adhere to a liberal interpretation— at least "where no prejudice or disadvantage was suffered by the opposing side." *McDowall v. Orr Felt & Blanket Co.*, 146 F.2d 136, 137 (6th Cir. 1944). [*Id*. at 7]. Indeed, along these lines, our sister court in the Western District of Kentucky has reflected that:

> [w]hile the Federal Rules encourage a liberal construction of Rule 15, it [still] may be appropriate to deny leave to amend a complaint "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003). The Sixth Circuit has stated that "[t]he thrust of Rule 15 is ... that cases should be tried on their merits rather than the technicalities of pleading." *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).

*USA Service Finance, LLC v. Barrett*, *et al.*, No. 5:18-CV-110-TBR, 2019 WL 1320516, at *2 (W.D. Ky. Mar. 22, 2019).

Upon review of the record and Sites's expressed reasons for amendment, the Court fails to see any dilatory reasons or bad faith justifying amendment of these additional claims.

There is simply no indication that Sites delayed seeking amendment or that any prejudicial circumstances exists, militating amendment. Accordingly,

IT IS ORDERED that:

1. Sites's leave to amend her complaint [R. 29] is GRANTED.

2. The Clerk is DIRECTED to docket the tendered amended Complaint. [R. 29-2].

3. Defendants shall file a responsive pleading by July 1, 2020.

Signed June 1, 2020.

Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge